**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EVER MISAEL RODRIGUEZ LARA,<br><br>Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) | Case No. CIV-26-2202-J |

**<u>ORDER</u>**

Petitioner Ever Misael Rodriguez Lara, a Honduran citizen, entered the United States in 2019 and was detained by Immigration and Customs Enforcement (ICE) in June 2026. He has now filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging that detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within ten days or otherwise release him. (Rep. & Rec.) [Doc. No. 9]. Respondents filed a timely objection, [Doc. No. 10], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object and has waived de novo review. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

In relevant part, Judge Mitchell concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 3-7. Respondents object to the §

1226(a) classification but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) applies. [Doc. No. 10].

In *Quiroz*, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Accordingly, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[1]

For the reasons above, the Report and Recommendation [Doc. No. 9] is ADOPTED. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 16th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to address Petitioner's remaining due process claims.